UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------------X

DIANA VALLE, individually and behalf of others
similarly situated

                        Plaintiff,

      -against-

DOLLAR N DISCOUNT LLC (DBA REAL DEAL);
REAL DEAL DEPARTMENT STORE LLC (DBA REAL DEAL
and MUHAMMAD HASSAN


                        Defendants.

-----------------------------------------------------------------------------X

1:22-cv-01921
(AMD) (RLM)

SETTLEMENT
AGREEMENT

## SETTLEMENT AGREEMENT AND RELEASE OF WAGE AND HOUR CLAIMS

**WHEREAS,** Diana Valle (hereinafter, "Plaintiff") commenced an action against Dollar
N Discount LLC (DBA Real Deal), Real Deal Department Store LLC (DBA Real Deal) and
Muhammad Hassan (each singularly hereinafter referred to as the "Defendant," and collectively
hereinafter referred to as the "Defendants") in the United States District Court for the Eastern
District of New York (hereinafter, the "Court"), presently bearing Case Number 1:22-CV-01921
(hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New
York Labor Law ("NYLL"), and related regulations;

**WHEREAS,** the Defendants deny Plaintiff's allegations, and have contended that
Plaintiff' allegations are unfounded and lack merit;

**WHEREAS,** Plaintiff and the Defendants (each singularly hereinafter referred to as a
"Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve
and settle in full all wage and hour claims that Plaintiff have, had, or may have against the
Defendants by way of this Settlement Agreement and Release ("Agreement");

**WHEREAS,** Plaintiff' counsel of record in the Action and the Defendants' counsel of
record in the Action have negotiated in good faith to reach a settlement acceptable to the Parties
which constitutes a reasonable compromise of Plaintiff' respective claims, the Defendants'
respective defenses, and the *bona fide* dispute between the Parties;

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth
herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above
"Whereas" clauses in this Agreement, the Parties agree as follows:

1.    **Consideration**

    (a)    In full and final satisfaction of all issues between the Parties, the Defendants shall pay to the Plaintiff the sum of NINE-THOUSAND DOLLARS ($9,000.00) (the "Settlement Sum") (30) Thirty calendar days after Court approval pursuant to Cheeks v. Freeport Pancake House, Inc., **796 F. 3d 199 (2d Cir. 2015)**,

        a.  A check in the amount of ($6,000.00) Six Thousand Dollars, paid to to Plaintiff "Diana Valle" based on the IRS Form W-9 Employee submits in connection with her signing this Agreement. An IRS form 1099 shall be issued to with respect to this amount after the end of the calendar year in which this check is paid.

        b.  A Check in the amount of $3,000.00. Three Thousand Dollars, paid to "Stillman Legal, P.C/" or the monetary figure set by the Court, based on the IRS Form W-9 Stillman Legal P.C. submits at the time this agreement is signed.

    (b)    The Settlement Sum shall be paid in one (1) installment within thirty (30) days after the Court approves this Agreement and dismisses the Action with prejudice and after receipt of a completed W-9 from Plaintiff and Plaintiff's counsel.

    (c)    The settlement checks shall be delivered to Stillman Legal, P.C. 42 Broadway, 12th Floor, New York NY 10004 so as to be received no later than the dates indicated above.

    (d)    Stillman Legal P.C. shall be responsible for distributing the Settlement Sum to Plaintiff.

    (e)    The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff' claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

    (f)    Plaintiff expressly acknowledge and agree that they are responsible for the payment of all federal, state, and local taxes, if any, which are required by law to be paid by them with respect to the above payments in Paragraph 1. If any taxing body determines that the tax treatment was incorrect and that greater amount should have been withheld from any payment above in Paragraph 1, Plaintiff acknowledge and assume all responsibility for paying those amounts and further agree to indemnify and hold the Defendants harmless for payment of any additional taxes and any interest and penalties thereon.

## 2.    Default

In the event that the Defendants fail to make the settlement payments in the manner pursuant to Paragraph 1 of this Agreement, Plaintiff shall provide notice of the default by email to counsel for the Defendants: Nadia Pervez, Esq. and Aneeba Rehman, Esq., Pervez & Rehman, P.C., 6268 Jericho Turnpike, Unit 8, Commack, New York 11725, npervez@pervezrehman.com, arehman@pervezrehman.com. Defendants will then have ten (10) days from the date of receipt of such notice within which to cure the default. If the default is not cured within such time, the entire amount remaining to be paid at the time of default shall become due and owing as of the 11th day following receipt of said notice. Plaintiff shall have the right to enforce immediate payment of all remaining unpaid portions of the Agreement, including the right to move on notice to the Defendants to have judgment entered against the Defendants, jointly and severally, as a result of the default, and to recover reasonable attorneys' fees, costs and disbursements incurred in enforcing in Court the payment obligations under this Agreement.

## 3.    Wage & Hour Release by Plaintiff

In consideration of the promises, payments and actions of the Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge the Defendants, and for each of them, their heirs, successors, assigns, affiliates, parent organizations, subsidiaries, directors, owners, shareholders, members, agents, attorneys, legal representatives  and managers, from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for minimum wages, overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff' employment with the Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for the Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

## 4.    Judicial Review/Dismissal of the Complaint

(a)    Contemporaneously with the execution of this Agreement, the Parties shall execute a Stipulation and Order of Dismissal dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter. The Parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

3

(b)     In the event that, for any reason, any FLSA or NYLL claim brought by or on behalf of Plaintiff contained in a complaint, grievance, suit, action, charge, claim or proceeding existing as of the date of this Agreement is not wholly and finally dismissed with prejudice, (i) Plaintiff authorizes the Defendants to obtain dismissal thereof, (ii) Plaintiff shall not testify, provide documents, or otherwise participate in any litigation or investigation arising therefrom, except as compelled by subpoena or law or provided herein, (iii) Plaintiff shall indemnify and shall hold the Defendants harmless against and will not obtain or accept on their behalf any recovery or relief in or from any such proceeding; and, (iv) Plaintiff shall reimburse the Defendants for the legal fees and costs incurred defending any claim, action or proceeding initiated by Plaintiff against the Defendants.

(c)     Plaintiff also agree not to opt-in to any collective action litigation as a putative class member seeking relief for the same or similar claims being released herein, and also agree to opt-out of any class action litigation seeking relief for the same or similar claims being released herein.

## 5.     Non-Admission

(a)     This Agreement does not constitute an admission that the Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledge that the Defendants continue to deny any wrongdoing arising out of Plaintiff' employment and separation thereof.

(b)     Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff have suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

## 6.     Attorneys' Fees

Except as set forth herein, the Parties expressly agree to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

## 7.     Acknowledgment

4

Plaintiff acknowledges that she is receiving consideration under this Agreement to which she is not otherwise entitled. Plaintiff acknowledge that they were represented by counsel of their choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represent that she had sufficient opportunity to consider this Agreement; that she read this Agreement and/or had this Agreement explained to her fully and carefully and understand its terms; and that she is signing it knowingly and voluntarily.

## 8.     Oral Modifications Prohibited

This Agreement represents the entire agreement between the Parties with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

## 9.     Choice of Law

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

## 10.    Effective Date

This Agreement shall become effective immediately upon the Parties' execution.

## 11.    Counterparts

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

## 12.    Facsimile and Email Signatures.

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

## 13.    Severability.

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: _12/20_, 2022      Diana Valle

_____

DATED: _12-13_, 2022      DOLLAR N DISCOUNT LLC

_____
By: Muhammad Hassan

DATED: _12 - 13_, 2022    REAL DEAL DEPARTMENT STORE LLC

_____
By: Muhammad Hassan

DATED: _12 - 13_, 2022    MUHAMMAD HASSAN

_____
By: Muhammad Hassan

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------X

DIANA VALLE, individually and behalf of others
similarly situated

                Plaintiff,

    -against-

DOLLAR N DISCOUNT LLC (DBA REAL DEAL),
REAL DEAL DEPARTMENT STORE LLC (DBA REAL DEAL
and MUHAMMAD HASSAN

                Defendants.

--------------------------------------------------------------------------------X

1:22-cv-01921
(AMD) (RLM)

STIPULATION AND
ORDER OF DISMISSAL

## STIPULATION AND ORDER OF DISMISSAL

WHEREAS, on August 10, 2022 Plaintiff filed a complaint, which asserted claims for, *inter alia*, unpaid minimum wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and the New York Labor Law;

WHEREAS, although commenced as a putative collective action under the FLSA, Plaintiff did not seek certification and no individuals received notice of this action;

WHEREAS, the parties settled this action based upon arms-length negotiations, the terms of which have been judicially reviewed and are deemed fair and reasonable, and are incorporated herein by reference; and

WHEREAS, the United States District Court for the Eastern District of New York shall retain jurisdiction over all proceedings solely to enforce the terms of the settlement between the parties in this action;

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned counsel

for the Plaintiff and the Defendants that this action is hereby dismissed and discontinued in its

entirety with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, with no

award of counsel fees or costs by the Court to either side.

Dated: New York, New York
      December___, 2022

STILLMAN LEGAL, P.C.
*Attorneys for Plaintiff*

By:_____
Lina Stillman, Esq.
42 Broadway, 12th Floor
New York, New York 10004
(212) 203-2417

PERVEZ & REHMAN, P.C.
*Attorneys for Defendants*
*(limited scope, pro bono)*

By:_____
Nadia M. Pervez

6268 Jericho Turnpike, Unit 8
Commack, New York 11725
(631) 427-0700

So Ordered

_____
Hon. Roanne L. Mann

3